# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DENNIS ALLEN BEARD and
HERBERT CORTEZZ BEARD,

    Plaintiffs,

v.                                                CIV-01-1116 WJ/RLP

STEVE GAMBLE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT STEVE GAMBLE'S MOTION TO DISMISS

THIS MATTER comes before the Court pursuant to Defendant Steve Gamble's Motion to Dismiss Plaintiff Herbert Beard's Complaint [Docket No. 20]. Defendant filed his motion on February 28, 2002. As of May 10, 2002, Plaintiff has not filed a response. Under Local Rule 7.6 a response to a motion is due within 14 days. Under Rule 7.6, failure to file a response constitutes consent to grant the motion. However, the Court need not grant this motion solely on the basis of Plaintiff's failure to respond. Having read the motion and reviewed the pleadings in this case, the Court finds that Defendant's motion is well-taken on its merits and shall be GRANTED.

**BACKGROUND**

From the allegations in the Complaint, it appears that Plaintiff Dennis Allen Beard is or was a student at Eastern New Mexico University (ENMU). It also appears he was a member of the football team at ENMU. Plaintiff Dennis Beard alleges that he was stopped by two Portales police officers for no reason, given a field sobriety test, given a breath alcohol test, passed both

tests but was nonetheless placed in jail without justification. Mr. Dennis Beard was on probation at the time. Subsequently, Mr. Gamble removed Dennis Beard from the football team. Mr. Dennis Beard alleges that his constitutional rights were violated in violation of 42 U.S.C. Sections 1983 and 1985.

Plaintiff Herbert Cortezz Beard's name appears on the caption of the Complaint. Mr. Herbert Beard's name does not appear elsewhere in the Complaint, there are no factual allegations in the Complaint regarding any interaction or relationship between Mr. Herbert Beard and any of the Defendants.

Defendant Gamble notes that, in the initial pre-trial report (IPTR), Plaintiff Herbert Beard, for the first time makes factual allegations against a Defendant. In the IPTR, Plaintiff Herbert Beard alleges, in an unverified manner, that Defendant Gamble violated his rights by calling him a "nigger."

**LEGAL STANDARD**

"A complaint should not be dismissed for failure to state a claim unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Curtis Ambulance of Florida, Inc. v Board of County Comm'n of the County of Shawnee, Kansas, 811 F.2d 1371, 1375 (10th Cir. 1987). When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded allegations in the Complaint and construe them in the light most favorable to the plaintiff. Bullington v United Air Lines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

**DISCUSSION**

As noted above, there are no allegations in the Complaint regarding Mr. Herbert Beard.

2

Based on this, Mr. Herbert Beard states no claims against any of the Defendants. However, Mr. Herbert Beard is a pro se Plaintiff, and this Court will indulge in a presumption, for the sake of this motion, that Mr. Herbert Beard's unverified allegations in the IPTR may be read as part of the Complaint. Defendant Gamble denies the allegation, but for the purposes of the Rule 12(b)(6) motion, the Court will accept the allegation as true.

As Defendant Gamble pointed out in his memorandum in support of his motion, a verbal taunt, including even a racial epithet using the word "nigger" does not amount to the violation of a person's constitutional rights. See e.g., Housmann v. Fergus, 894 F.Supp. 142, 149 (S.D.N.Y. 1995); Keyes v. City of Albany, 594 F.Supp. 1147, 1155 (E.D.N.Y. 1984). Plaintiff Herbert Beard does not state a claim upon which relief can be granted by alleging that Defendant Gamble used such a racial epithet. Therefore, Mr. Herbert Gamble shall be dismissed as a Plaintiff from this case.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Steve Gamble's Motion to Dismiss Plaintiff Herbert Beard's Complaint is hereby GRANTED and Plaintiff Herbert Beard is DISMISSED as a party to this cause of action.

UNITED STATES DISTRICT JUDGE